**Ex Parte Daniel VILLEGAS, Applicant.**

**NO. WR–78260–01.**

Court of Criminal Appeals of Texas.

Dec. 18, 2013.

---

Joe A. Spencer, Attorney at Law, John P. Mobbs, Attorney at Law, El Paso, TX, for Appellant.

Jaime Esparza, District Attorney El Paso County, El Paso, TX, Lisa C. McMinn, State's Attorney, Austin, for The State.

## *OPINION*

PER CURIAM.

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young,* 418 S.W.2d 824, 826 (Tex.Crim.App.1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Villegas v. State,* No. 08–95–00272–CR (Tex.App.-El Paso July 10, 1997) (unpublished).

Applicant contends, in several allegations, that he received ineffective assistance of counsel, and that he is actually innocent.

The trial court held a series of live hearings and made findings of fact and conclusions of law. The trial court determined that counsel was ineffective and Applicant is actually innocent under *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Based on this Court's independent review of the record, we agree that Applicant is entitled to relief due to ineffective assistance of counsel, but disagree that he has shown he is actually innocent. In a *Schlup* actual-innocence claim, evidence demonstrating innocence is a prerequisite the applicant must satisfy to have an otherwise barred constitutional claim considered on the merits. *Schlup,* 513 U.S. at 314–15, 115 S.Ct. 851. In this

case, the trial court found that Sixth Amendment ineffective assistance of counsel violations, combined with the cumulative evidence of innocence, showed that Applicant was actually innocent. Because Applicant's ineffective assistance of counsel claims are not procedurally barred as subsequent, a *Schlup* innocence claim dependent on them is improper. We further find that Applicant has not shown that new facts "unquestionably establish" his innocence. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex.Crim.App.1996). However, we agree Applicant has demonstrated that counsel was ineffective for not presenting evidence of possible alternative perpetrators and for not discovering and presenting evidence that would have allowed the jury to give effect to the voluntary confession jury instruction submitted in this case.

Relief is granted. The judgment in Cause No. 76187 in the 41st District Court of El Paso County is set aside, and Applicant is remanded to the custody of the Sheriff of El Paso County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

PRICE, J., filed a concurring opinion.

PRICE, J., filed a concurring opinion.

It has sometimes been said that we "recognize[ ] two types of 'innocence' claims."[1] One is the "bare claim of innocence," which we recognized to be a due-process-based claim in *Elizondo*.[2] The other is the so-called "*Schlup* actual innocence claim," which we have identified as being based upon the opinion of the United States Supreme Court in *Schlup v. Delo*[3]—a decision with respect to federal procedure that has no bearing on state habeas proceedings, except to the extent that our statutory abuse-of-the-writ provisions were patterned after it.[4] The United States Supreme Court does not (at least not yet, assuming it ever will) recognize that bare-innocence claims implicate due process,[5] and so there is no federal analog to our holding in *Elizondo*. But in *Schlup* the Supreme Court declared that a showing of actual innocence may operate as a gateway to federal review of the merits of *other* federal constitutional claims under circumstances in which those constitutional claims would otherwise be procedurally barred.[6] Our analog gateways are contained in Article 11.07, Section 4(a)(2), and Article 11.071, Section 5(a)(2).[7] They are creatures of statute, not binding Supreme Court case law.

For this Court to continue to "recognize" so-called "*Schlup* innocence claims" does a disservice to the bench and bar and engenders the kind of misunderstanding that the convicting court exhibited in this case. The truth of the matter is that there

1. *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim.App.2006).

2. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim.App.1996).

3. 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

4. *See Ex parte Blue*, 230 S.W.3d 151, 158, 160 (Tex.Crim.App.2007).

5. *Id.* at 158 (citing, *e.g., Herrera v. Collins*, 506 U.S. 390, 417–19, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

6. *Schlup*, 513 U.S. at 326–27, 115 S.Ct. 851.

7. Tex.Code Crim. Proc. arts. 11.07 § 4(a)(2), 11.071 § 5(a)(2).

is really no such thing as a "*Schlup* actual innocence claim" in Texas. We have a statutory gateway mechanism that works much *like* the court-made federal gateway. But it is just that—a statutory gateway to reaching *other* federal constitutional claims (including, ironically, a bare actual-innocence claim under *Elizondo* ) that would otherwise be unavailable to a habeas applicant under our now-codified abuse-of-the-writ provisions. It is not required by *Schlup*. It is not even an actual-innocence claim in its own right. It merely operates as a mechanism to permit consideration of other constitutional claims that would otherwise be procedurally barred because raised for the first time in a subsequent writ application.

Here the applicant raised both his claim of ineffective assistance of counsel and his *Elizondo* actual-innocence claim in this *initial* writ application. There is no procedural bar to our proceeding directly to the merits of both claims. The abuse-of-the-writ provision in Article 11.07, Section 4, is not triggered, so there is no reason for anyone to invoke the exception that is embodied in the gateway provision in Section 4(a)(2). And there is *certainly* no occasion to mention *Schlup*.[8] We should quit doing so.

With these remarks, I concur in the Court's judgment.

---

8. In its opinion today, the Court says that "[b]ecause Applicant's ineffective assistance of counsel claims are not procedurally barred as subsequent, a *Schlup* innocence claim dependent on them is improper." Majority Opinion at 887. This sentence implies that there would ever be a "proper" context in which to assert "a *Schlup* innocence claim."

Better to say that there is no such thing as "a *Schlup* innocence claim" in Texas, and that our own statutory gateway provision is not triggered in this case, the applicant having raised his constitutional claims (including his *Elizondo* actual-innocence claim) in an *initial* writ application.