16,516-06

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 29 2015
Abel Acosta, Clerk

Harvey Leroy Sossamon, IIi
#1120297, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799

MOTION DENIED
DATE: 8-3-15
BY: P.C.

January 26, 2015

Mr. Abel Acosta, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

RE:Ex Parte Harvey Leroy Sossamon, III, Writ No. 16,516-06;
Trial Court No. 2001-1073-06-C2A; 54th Judicial District,
McLennan County, Texas, Request For Stay Of Habeas Corpus
And Remand For Habeas Evidentiary Hearing, Notice Of
Objection To Trial Court's Findings Of Facts

Dear Mr. Acosta:

Please find enclosed the original, and a copy for the Court
of my motion and objection listed above. Please file these with
the Court, and bring this to the Justices's attention, as soon
as your time permits.

I did not prepare an order for the Court, because I do
not what date, if any, the Court would instruct Mclennan County,
to conduct an evidentiary hearing, or any of the other request.

Additionally, please stamp "Applicant's copies filed,",
and return them to me in the self addressed, stamped envelope
I am enclosing for your convenience.

Thank you very much, for all your time and assistance with
this litigation.

Sincerely your's,

Harvey Leroy Sossamon, III

cc:file
    Criminal District Attorney
    McLennan County, Texas
    hls3

IN THE

TEXAS COURT OF CRIMINAL APPEALS

CITY OF AUSTIN

TRAVIS COUNTY, TEXAS

_____

EX PARTE HARVEY LEROY SOSSAMON, III

STATE APPLICATION FOR

WRIT OF HABEAS CORPUS

_____

TRIAL COURT NO. 2001-1073-C2A

WR-NO. 16,516-06

FILED: NOVEMBER 21, 2014

54TH JUDICIAL DISTRICT COURT

MCLENNAN COUNTY, TEXAS

_____

APPLICANT HARVEY LEROY SOSSAMON, III'S PRO SE MOTION FOR
STAY AND REMAND BACK TO DISTRICT COURT FOR FURTHER PROCEEDINGS
WITH NOTICE OF OBJECTION TO DISTRICT COURT'S FINDING OF FACTS
AND CONCLUSION OF LAW, AND RECOMMENDATION TO DENY RELIEF

_____

TO:THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

INTO COURT COMES, Harvey Leroy Sossamon, III, Applicant
pro se, hereinafter "Applicant," pursuant to Article 11.07,
§ 3, of the Texas Code of Criminal Procedure, Article 1, §§
10, 12, 19, and 29, of the Texas Constitution, and the First
and Fourteenth Amendment, under the United States Constitution,
and TRAPP. 73, and request that the Court issues a stay for
the processing of his initial state application for habeas relief,
and additionally that the Court remands this cause back to the

54th Judicial District Court, of McLennan County, with instructions to rule on his timely and properly filed motions directly related to this post-conviction challenge to the validity of Applicant's conviction, and sentence of LIFE imprisonment for the offense of first degree murder.

## NOTICE OF OBJECTION TO TRIAL COURT'S FINDINGS OF FACTS AND CONCLUSION OF LAW, AND RECOMMENDATION TO DENY THE RELIEF REQUESTED IN STATE APPLICATION TO THIS COURT

Applicant vigorously and strenuously objects to the district court's ex parte proceeding with defense counsel Stanley L. Schweiger, and the McLennan County District Attorney's Office, by the honorable Matt Johnson, on November 18, 2014, after counsel Stanley L. Schweiger submitted and filed his affidavit six (6) days earlier on November 12, 2014.

Applicant has never even seen counsel's affidvit, and did not ever have any opportunity to file a response to the affidavit, before the district court by Judge Matt Johnson, accepted it as trustworthy, and ordered the clerk to certify the record, and forward it to this Court. Applicant notified Judge Matt Johnson, that counsel Stanley L. Schweiger did not provide him, with a copy of the affidavit, and that he did not have any opportunity to file a reply, or response to the affidavit, and to challenge the district court's findings, of facts, conclusions of law, and recommendation to deny the relief requested in the writ.

Karen Matkin, McLennan County District Clerk, did notify the McLennan County District Attorney's Office, of my complaint, that I have never even seen the affidavit that Stanley L. Schweiger submitted to the trial court. The State's attorney in the McLennan County District Attorney's Office made no effort

to correct this deficiency, and Judge Matt Johnson, made no effort to allow Applicant, any opportunity to be heard after counsel Stanley L. Schweiger submitted his affidavit, and after Judge Matt Johnson, refused to allow Applicant to develop the habeas record, and flush out the facts on his allegations, and grounds that trial counsel's ineffective assistance, and his substandard performance with Applicant's defense after Aurora Victoria Steinhauer, in open court, before the jury, from the witness stand, under oath and the penalty of perjury admitted, and confessed, that after Applicant drove away from the scene, and was gone, "she climbed up on top of the victim, and she caused him to die accidently" intervening until the EMS team arrived to provide emergency medical treatment. (C.R. 5, 84-85). All of the McLennan County officials, including the current presiding judge, has continuously turned a blind eye, and a deaf ear, to the dying declaration of Donald Wayne Davis who identified Aurora Victoria Steinhauer as his killer, and who ordered Aurora Victoria Steinhauer to get off the top of him, "[because she was killing him.]" (C.R. 5, 84-85)

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND ACTUAL INNOCENCE

Texas litigants are not allowed to raise actual innocence claims under Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). See Ex parte Villegas, 415 S.W.3d 885 (Tex. Cr. App. 2013). In Texas, Ex parte Elizondo, 947 S.W.2d 202 (Tex. Cr. App. 1996), governs actual innocence claims. However, when an actual innocence claim has been raised in a writ of habeas corpus, under Ex parte Franklin, 72 S.W.3d 671, 675 (Tex.Crim.App. 2002), the applicant is entitled to an evidentiary hearing.

In 2014, this Court reversed its decision in Ex parte Robbins, 360 S.W.3d 446, and determined that "accuracy" would be what the Court strived to achieve, in place of finality. Additionally, the Legislature placed an exclusive duty on all the State's prosecutors, to serve justice, and not just to convict. See Article 2.01, Texas Code of Criminal Procedure. Finally, after DNA evidence proved that the criminal justice system had repeatedly failed to reach an accurate trial result, sending innocent defendants to prison, for crimes they did not commit, the Legislature, authorized additional DNA tests, under new scientific techniques. Article 11.073, Code of Criminal Procedure. Retired Justice Cathy Cochran, appeared in the February 2015, issue of Texas Monthly Magazine, and explained the Court's reform efforts over the last fourteen years. As a result of the Court's reform efforts, and work with the Legislature, Texas is now one of the national leaders in producing accurate trial results.

In Applicant's case, during the trial, once the State's witness admitted in open court, and confess to the jury that she killed Donald Wayne Davis, not a single word of testimony was developed as a result of her confession, and admission. Judge Clyde Whiteside, Crawford Long, State prosecutor, and defense counsel Stanley L. Schweiger, buried their heads in the sand, and 'did not' make any effort whatsoever, to determine the accuracy of Aurora Victoria Steinhauer's testimony. The jury went into deliberation, without hearing a single word of expert testimony, or medical professional testimony for the defense "after" Aurora Victoria Steinhauer testified under oath, that she accidently killed Donald Wayne Davis.

It is absolutely crystal clear from this Court's decisions

governing ineffective assistance of trial counsel claims, that the trial record, is rarely, if ever sufficient to establish the ineffectiveness of a lawyer. Robinson v. State, 16 S.W.3d 808, 810-811 (Tex.Crim.App. 2000); Ex parte Torres, 943, 469, 475 (Tex.Crim.App. 1997); Goodspeed v. State, 187 S.W.3d 390 (Tex.Crim. App. 2005); Andrews v. State, 159 S.W3d 98 (Tex.Crim.App. 2005); Bone v. State, 77 S.W.3d 828 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808 (Tex.Crim.App. 1999). See also, Freeman v. State, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003)(citing Massero v. United States, 538 U.S. 500, 505-06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)).

Without any opprtunity, to develop the factual record in Applicant's case, and without any opportunity to see, or challenge the affidavit submitted by Stanley L. Schweiger, and without any assitance of counsel whatsoever, at Applicant's first appellate review on his ineffective assistance of counsel claims, Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012); Trevino v. Thaler, 2012 U.S. LEXIS 8391 (May 28, 2013); the trial judge, the honorable Matt Johnson, erroneously made a finding of facts, and recommended that this Court deny the relief requested. The denial of an evidentiary hearing, and the determination regarding the findings of facts, and the conclusion of law without allowing Applicant any opportunity to respond, or challenge the veracity of the affidavit submitted by Stanley Schweiger, is a blatant example of why the criminal justice system failed innocent people, resulting in the confinement of seventy-seven Americans that never committed the crimes, they were convicted of.

## PRAYER AND CONLUSION

For all the reasons stated above, Applicant prays the Court

will stay his habeas proceeding, and analysis, until a fully developed record on his ineffective assistance of counsel claims, and his actual innocence claim can be fully developed by the convicting trial court, in McLennan County, (Waco) Texas.

Additionally, Applicant prays that the Court will take judicial notice of his objection, to the district court's findings of facts, conclusions of law, and the recommendation to deny the relief requested in the writ. The findings of facts, are inaccurate, not accurate, and the district court has mistakenly denied Applicant, the basic and fundamental opportunity for a full and fair opportunity to be heard, and to provide this Court, with an adequate record on his ineffective assistance of counsel claims, and his entitlement to a hearing under Ex parte Torres, supra, and Ex parte Franklin, supra.

Respectfully, Submitted,

Harvey Leroy Sossamon, III Pro Se
1120297, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799

## CERTIFICATE OF SERVICE

I, Harvey Leroy Sossamon, III, do hereby certify, that I served a true and correct copy of the foregoing Motion For Stay and Remand Back To District Court For Further Proceedings With Notice Of Objection To District Court's Finding Of Facts and Conclusion Of Law, and Recommendation To Deny Relief, to the State's attorney, by U.S. Mail, first class postage requested, and addressed to the below address, on this 26th day of January, 2015:

Criminal District Attorney's Office
54th Judicial District Court
219 North 6th Street, Ste 200
Waco, Texas 76701

EX PARTE SOSSAMON: HABEAS CORPUS NO. 16,516-06

6

_____
Harvey Leroy Sossamon, III
Movant/Applicant Pro Se

Harvey Leroy Sossamon, III
#1120297, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799


January 26, 2015


Mr. Abel Acosta, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

RE:Ex Parte Harvey Leroy Sossamon, III, Writ No. 16,516-06;
   Trial Court No. 2001-1073-06-C2A; 54th Judicial District,
   McLennan County, Texas, Request For Stay Of Habeas Corpus
   And Remand For Habeas Evidentiary Hearing, Notice Of
   Objection To Trial Court's Findings Of Facts

Dear Mr. Acosta:

     Please find enclosed the original, and a copy for the Court
of my motion and objection listed above. Please file these with
the Court, and bring this to the Justices's attention, as soon
as your time permits.
     I did not prepare an order for the Court, because I do
not what date, if any, the Court would instruct Mclennan County,
to conduct an evidentiary hearing, or any of the other request.
     Additionally, please stamp "Applicant's coppieseatledsd,
and return them to me in the self addressed, stamped envelope
I am enclosing for your convenience.
     Thank you very much, for all your time and assistance with
this litigation.

                                    Sincerely your's,

                                    Harvey Leroy Sossamon, III

cc:file
    Criminal District Attorney
    McLennan County, Texas
    hls3

*COPY*

IN    THE

TEXAS   COURT   OF   CRIMINAL   APPEALS

CITY   OF   AUSTIN

TRAVIS   COUNTY,   TEXAS

---

EX   PARTE   HARVEY   LEROY   SOSSAMON,   III

S T A T E   A P P L I C A T I O N   F O R

W R I T   O F   H A B E A S   C O R P U S

---

TRIAL   COURT   NO. 2001-1073-C2A

WR-NO.   16,516-06

FILED: NOVEMBER 21, 2014

54TH   JUDICIAL   DISTRICT   COURT

MCLENNAN   COUNTY,   TEXAS

---

APPLICANT HARVEY LEROY SOSSAMON, III'S PRO SE MOTION FOR STAY AND REMAND BACK TO DISTRICT COURT FOR FURTHER PROCEEDINGS WITH NOTICE OF OBJECTION TO DISTRICT COURT'S FINDING OF FACTS AND CONCLUSION OF LAW, AND RECOMMENDATION TO DENY RELIEF

---

TO: THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

INTO COURT COMES, Harvey Leroy Sossamon, III, Applicant pro se, hereinafter "Applicant," pursuant to Article 11.07, § 3, of the Texas Code of Criminal Procedure, Article 1, §§ 10, 12, 19, and 29, of the Texas Constitution, and the First and Fourteenth Amendment, under the United States Constitution, and TRAPP. 73, and request that the Court issues a stay for the processing of his initial state application for habeas relief, and additionally that the Court remands this cause back to the

54th Judicial District Court, of McLennan County, with instructions to rule on his timely and properly filed motions directly related to this post-conviction challenge to the validity of Applicant's conviction, and sentence of LIFE imprisonment for the offense of first degree murder.

**NOTICE OF OBJECTION TO TRIAL COURT'S FINDINGS OF FACTS AND CONCLUSION OF LAW, AND RECOMMENDATION TO DENY THE RELIEF REQUESTED IN STATE APPLICATION TO THIS COURT**

Applicant vigorously and strenuously objects to the district court's ex parte proceeding with defense counsel Stanley L. Schweiger, and the McLennan County District Attorney's Office, by the honorable Matt Johnson, on November 18, 2014, after counsel Stanley L. Schweiger submitted and filed his affidavit six (6) days earlier on November 12, 2014.

Applicant has never even seen counsel's affidvit, and did not ever have any opportunity to file a response to the affidavit, before the district court by Judge Matt Johnson, accepted it as trustworthy, and ordered the clerk to certify the record, and forward it this Court. Applicant notified Judge Matt Johnson, that counsel Stanley L. Schweiger did not provide him, with a copy of the affidavit, and that he did not have any opportunity to file a reply, or response to the affidavit, and to challenge the district court's findings, of facts, conclusions of law, and recommendation to deny the relief requested in the writ.

Karen Matkin, McLennan County District Clerk, did notify the McLennan County District Attorney's Office, of my complaint, that I have never even seen the affidavit that Stanley L. Schweiger submitted to the trial court. The State's attorney in the McLennan County District Attorney's Office made no effort

to correct this deficiency, and Judge Matt Johnson, made no effort to allow Applicant, any opportunity to be heard after counsel Stanley L. Schweiger submitted his affidavit, and after Judge Matt Johnson, refused to allow Applicant to develop the habeas record, and flush out the facts on his allegations, and grounds that trial counsel's ineffective assistance, and his substandard performance with Applicant's defense after Aurora Victoria Steinhauer, in open court, before the jury, from the witness stand, under oath and the penalty of perjury admitted, and confessed, that after Applicant drove away from the scene, and was gone, "she climbed up on top of the victim, and she caused him to die accidently" intervening until the EMS team arrived to provide emergency medical treatment. (C.R. 5, 84-85). All of the McLennan County officials, including the current presiding judge, has continuously turned a blind eye, and a deaf ear, to the dying declaration of Donald Wayne Davis who identified Aurora Victoria Steinhauer as his killer, and who ordered Aurora Victoria Steinhauer to get off the top of him, "(because she was killing him.)" (C.R. 5, 84-85)

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND ACTUAL INNOCENCE

Texas litigants are not allowed to raise actual innocence claims under Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). See Ex parte Villegas, 415 S.W.3d 885 (Tex. Cr. App. 2013). In Texas, Ex parte Elizondo, 947 S.W.2d 202 (Tex. Cr. App. 1996), governs actual innocence claims. However, when an actual innocence claim has been raised in a writ of habeas corpus, under Ex parte Franklin, 72 S.W.3d 671, 675 (Tex.Crim.App. 2002), the applicant is entitled to an evidentiary hearing.

In 2014, this Court reversed its decision in Ex parte Robbins, 360 S.W.3d 446, and determined that "accuracy" would be what the Court strived to achieve, in place of finality. Additionally, the Legislature placed an exclusive duty on all the State's prosecutors, to serve justice, and not just to convict. See Article 2.01, Texas Code of Criminal Procedure. Finally, after DNA evidence proved that the criminal justice system had repeatedly failed to reach an accurate trial result, sending innocent defendants to prison, for crimes they did not commit, the Legislature, authorized additional DNA tests, under new scientific techniques. Article 11.073, Code of Criminal Procedure. Retired Justice Cathy Cochran, appeared in the February 2015, issue of Texas Monthly Magazine, and explained the Court's reform efforts over the last fourteen years. As a result of the Court's reform efforts, and work with the Legislature, Texas is now one of the national leaders in producing accurate trial results.

In Applicant's case, during the trial, once the State's witness admitted in open court, and confess to the jury that she killed Donald Wayne Davis, not a single word of testimony was developed as a result of her confession, and admission. Judge Clyde Whiteside, Crawford Long, State prosecutor, and defense counsel Stanley L. Schweiger, buried their heads in the sand, and 'did not' make any effort whatsoever, to determine the accuracy of Aurora Victoria Steinhauer's testimony. The jury went into deliberation, without hearing a single word of expert testimony, or medical professional testimony for the defense "after" Aurora Victoria Steinhauer testified under oath, that she accidently killed Donald Wayne Davis.

It is absolutely crystal clear from this Court's decisions

governing ineffective assistance of trial counsel claims, that the trial record, is rarely, if ever sufficient to establish the ineffectiveness of a lawyer. Robinson v. State, 16 S.W.3d 808, 810-811 (Tex.Crim.App. 2000); Ex parte Torres, 943, 469, 475 (Tex.Crim.App. 1997); Goodspeed v. State, 187 S.W.3d 390 (Tex.Crim. App. 2005); Andrews v. State, 159 S.W3d 98 (Tex.Crim.App. 2005); Bone v. State, 77 S.W.3d 828 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808 (Tex.Crim.App. 1999). See also, Freeman v. State, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003)(citing Massero v. United States, 538 U.S. 500, 505-06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)).

Without any opprtunity, to develop the factual record in Applicant's case, and without any opportunity to see, or challenge the affidavit submitted by Stanley L. Schweiger, and without any assitance of counsel whatsoever, at Applicant's first appellate review on his ineffective assistance of counsel claims, Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012); Trevino v. Thaler, 2012 U.S. LEXIS 8391 (May 28, 2013); the trial judge, the honorable Matt Johnson, erroneously made a finding of facts, and recommended that this Court deny the relief requested. The denial of an evidentiary hearing, and the determination regarding the findings of facts, and the conclusion of law without allowing Applicant any opportunity to respond, or challenge the veracity of the affidavit submitted by Stanley Schweiger, is a blatant example of why the criminal justice system failed innocent people, resulting in the confinement of seventy-seven Americans that never committed the crimes, they were convicted of.

## PRAYER AND CONLUSION

For all the reasons stated above, Applicant prays the Court

will stay his habeas proceeding, and analysis, until a fully developed record on his ineffective assistance of counsel claims, and his actual innocence claim can be fully developed by the convicting trial court, in McLennan County, (Waco) Texas.

Additionally, Applicant prays that the Court will take judicial notice of his objection, to the district court's findings of facts, conclusions of law, and the recommendation to deny the relief requested in the writ. The findings of facts, are inaccurate, not accurate, and the district court has mistakenly denied Applicant, the basic and fundamental opportunity for a full and fair opportunity to be heard, and to provide this Court, with an adequate record on his ineffective assistance of counsel claims, and his entitlement to a hearing under Ex parte Torres, supra, and Ex parte Franklin, supra.

Respectfully, submitted,

Harvey Leroy Sossamon, III Pro Se
1120297, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799

## CERTIFICATE OF SERVICE

I, Harvey Leroy Sossamon, III, do hereby certify, that I served a true and correct copy of the foregoing Motion For Stay and Remand Back To District Court For Further Proceedings With Notice Of Objection To District Court's Finding Of Facts and Conclusion Of Law, and Recommendation To Deny Relief, to the State's attorney, by U.S. Mail, first class postage requested, and addressed to the below address, on this 26th day of January, 2015:

Criminal District Attorney's Office
54th Judicial District Court
219 North 6th Street, Ste 200
Waco, Texas 76701

EX PARTE SOSSAMON: HABEAS CORPUS NO. 16,516-06          6

Harvey Leroy Sossamon, III
Movant/Applicant Pro Se