**Affirmed and Opinion filed November 5, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00474-CR

## EX PARTE JAMES AGBEZE

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1288928-A**

## O P I N I O N

Appellant James Agbeze appeals the habeas court's order denying his post-conviction application for writ of habeas corpus on his conviction for theft of property by a government contractor with an aggregated value of $1,500 or more, but less than $20,000. *See* Tex. Code Crim. Proc. art. 11.072. In his appeal, appellant argues the habeas court abused its discretion in denying his requested relief. We affirm.

## BACKGROUND

Appellant claims that in 2007 an investigator in his case, Ihenacho Nnadi, solicited a bribe in exchange for preparing a report that would allow appellant to avoid prosecution. Appellant refused to pay, and Nnadi said appellant would face prison time. Appellant was convicted on February 11, 2013, and assessed punishment of seven years community supervision and a $10,000 fine. Thereafter, Nnadi was arrested and pled guilty to federal charges of bribery.

Appellant then filed an application for writ of habeas corpus seeking to vacate his conviction on grounds that he is actually innocent, based on newly discovered evidence and the State's *Brady* violation for failing to disclose Nnadi's corruption.[1] The habeas court denied the application and filed written findings of fact and conclusions of law.

## STANDARD OF REVIEW

We review the denial of habeas corpus relief under an abuse-of-discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex.App.—Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the habeas court's application of law to fact questions, if the resolution of

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id.*

## APPLICABLE LAW

A claim of actual innocence is cognizable in a post-conviction habeas corpus proceeding. *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art 11.072 (procedures in community supervision case). Two types of actual innocence claims may be raised. *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). A *Herrera*-type claim is a substantive claim in which the applicant asserts a "bare claim of innocence based solely on newly discovered evidence." *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002). In contrast, a *Schlup*-type claim is a procedural claim in which the applicant's claim of innocence does not alone provide a basis for relief, but is tied to a showing of constitutional error at trial. *Id*; *Ex parte Brown*, 205 S.W.3d 538, 544–45 (Tex. Crim. App. 2006); *see Schlup*, 513 U.S. at 315, 115 S.Ct. 860–61 (concluding Schlup's constitutional claims were otherwise procedurally barred). A *Schlup*-type claim may not be brought in an initial habeas application, as the constitutional claims are not procedurally barred. *Ex Parte Villegas*, 415 S.W.3d 885, 887 (Tex. Crim. App. 2013).

When an applicant asserts actual innocence based on a *Herrera*-type claim, the habeas court must first consider whether the applicant presented newly discovered evidence that affirmatively establishes his innocence. *Franklin*, 72 S.W.3d at 678; *see also Ex parte Calderon*, 309 S.W.3d 64, 65 (Tex. Crim. App. 2010); *Brown,* 205 S.W.3d at 546. If the applicant presents such evidence, the habeas court then determines whether the applicant proved by clear and convincing

evidence that no reasonable juror would have convicted him in light of the newly discovered evidence. *Brown*, 205 S.W.3d at 544; *Franklin*, 72 S.W.3d at 678. The habeas court must examine the "newly discovered evidence" and determine whether the "new" evidence, when balanced against the "old" inculpatory evidence, unquestionably establishes the applicant's innocence. *Ex parte Thompson*, 153 S.W.3d 416, 417 (Tex. Crim. App. 2005). The habeas court does not review the fact finder's verdict but instead decides whether the newly discovered evidence would have convinced the fact finder of the applicant's innocence. *Ex parte Elizondo*, 947 S.W.2d at 207, 209; *see Ex parte Thompson*, 153 S.W.3d at 427–28 (Cochran, J., concurring).

Under *Brady*, the State is required to provide a defendant with exculpatory material or other evidence favorable to his defense. *Thomas v. State*, 841 S.W.3d 399, 407 (Tex. Crim. App. 1992). However, *Brady* does not apply to evidence known or available to the defense. *See Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Badillo v. State*, 255 S.W.3d 125, 132 (Tex.App.—San Antonio 2008, no pet.).

## ANALYSIS

In his brief, appellant asserts the habeas court improperly denied his application alleging that he was actually innocent of the crime and that the State committed a *Brady* violation when it failed to disclose Nnadi's corruption to trial counsel. It is unclear whether appellant is thereby alleging a *Herrera*-type claim, a *Schlup*-type claim or both. Among other findings, the habeas court found 1) Nnadi sought a bribe in 2007 in exchange for appellant's avoiding prosecution, 2) Nnadi did not testify or prepare any analysis at appellant's trial, and 3) appellant failed to present any false evidence that was presented at his trial. The court concluded, in part, 1) appellant did not present any new evidence that would shed new light on

4

his conviction, and 2) appellant provided no new evidence of relevant facts that the appellant was not aware of at the time of his trial.

To the extent appellant argues a "bare claim of innocence based solely on newly discovered evidence," we conclude Nnadi's corruption does not "unquestionably establish" appellant's innocence. *Franklin*, 72 S.W.3d at 676. Further, it is not "newly discovered evidence," as appellant was well aware of it at the time of trial. *Brown*, 205 S.W.3d at 545 (concluding evidence was not newly discovered where the same evidence had been attached to a motion for new trial two years earlier). Accordingly, it does not support appellant's claim of actual innocence on that basis. *See Elizondo* 947 S.W.2d at 210 (requiring a showing by clear and convincing evidence that no reasonable juror would have convicted in light of the newly discovered evidence).

To the extent appellant's argument rests on the alleged *Brady* violations, we note that this habeas application is appellant's first. Because appellant's *Brady* claims are not procedurally barred as subsequent, a *Schlup*-type innocence claim dependent on them is improper. *Ex Parte Villegas,* 415 S.W.3d at 887. The fact that Nnadi attempted to elicit a bribe from appellant was a fact known and available to the defense.[2] Thus, because *Brady* does not apply to evidence known or available to the defense, the State did not violate its duty to disclose. *See Hayes*, 85 S.W.3d at 815, and *Jackson v. State*, 552 S.W.3d 798, 804 (Tex. Crim. App. 1976). Appellant's *Schlup*-type claim for relief depends critically on the validity of his *Brady* claims. *See Schlup v. Delo*, 513 U.S. at 315, 115 S. Ct. at 861. For these reasons, we conclude the record does not reflect the habeas court abused its

---

[2] We further note that appellant alleges only that the FBI, not the State, was aware of Nnadi's dishonesty. *See Rubalcado v. State,* 424 S.W.3d 560, 574 n.72 (Tex. Crim. App. 2014) (recognizing knowledge would not necessarily be imputed if the agent at issue worked for a different sovereign than the one who conducts the prosecution).

discretion in denying appellant's application for writ of habeas corpus. Appellant's issue is overruled and the order of the habeas court is affirmed.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Jamison, McCally, and Wise.
Publish — Tex. R. App. P. 47.2(b).