**Opinion issued May 4, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00739-CR

———————————

**JAMES ARUA AGBEZE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1288928**

---

## MEMORANDUM OPINION

James Arua Agbeze attempts a second appeal, either from his conviction or from the trial court's denial of his application for writ of habeas corpus. We dismiss the appeal.

On February 11, 2013, Agbeze was convicted of the offense of theft of property by a government contractor. *See Agbeze v. State*, No. 01–13–00140–CR, 2014 WL 3738048, at *1 (Tex. App.—Houston [1st Dist.] July 25, 2014, pet. ref'd). The jury assessed punishment at community supervision for seven years and a fine of $10,000. *See id.* The trial court ordered Agbeze to spend 90 days in jail as a condition of community supervision and to pay $18,169.45 in restitution. *Id.* A panel of this Court affirmed the conviction. *See id.*

Agbeze then filed an application for writ of habeas corpus in February 2015, claiming actual innocence, and the writ was denied by the trial court. *See Ex parte Agbeze*, 479 S.W.3d 529, 531 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Agbeze appealed that denial and the Fourteenth Court of Appeals affirmed by opinion and judgment dated November 5, 2015. *See id.* at 533.

On August 19, 2016, Agbeze filed a pro se notice of appeal that states he is appealing from his conviction. The appeal was assigned to this Court. The record also contains Agbeze's 2015 application for writ of habeas corpus. A letter to the trial court clerk from Agbeze, filed on August 19, 2016, stated he was writing "from Jail in respect of the above Notice of Appeal to your Court and the Federal Court of Appeals." In a second letter, filed August 23, 2016, Agbeze inquired about his notice of appeal "to Federal Court of Appeals which has not reflected on [this cause]."

Whether Agbeze intended a second appeal of his conviction or of the denial of his application for writ of habeas corpus, we have no jurisdiction because he is not entitled to a second appeal from these judgments. *See McDonald v. State*, 401 S.W.3d 360, 362-63 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing appeal because appellant not entitled to more than one appeal from conviction); *Coleman v. State*, No. 03–11–00648–CR, 2011 WL 6118604, at *1 (Tex. App.—Austin Dec. 8, 2011, no. pet.) (mem. op., not designated for publication) (same).

On January 5, 2017, we issued a notice of our intent to dismiss this appeal, noting that both the conviction and the denial of his application for writ of habeas corpus were previously appealed and are now final. Accordingly, we advised Agbeze that the appeal would be dismissed unless he filed a response by January 17, 2017 demonstrating by citation to the law that this Court has jurisdiction of the appeal. No response was filed.

Accordingly, we dismiss this appeal for lack of jurisdiction. Any pending motions are also dismissed.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).

3