### HENRY MORAY v. THE STATE.

#### No. 1033.    Decided March 15, 1911.

**1.—Burglary—Charge of Court—Purchase.**

Where, upon trial of burglary, there was evidence that the defendant had purchased the alleged stolen property, the court erred in not charging upon this phase of the case.

**2.—Same—Want of Consent.**

Where, upon trial of burglary, the State failed to prove want of consent of the owner as alleged in the indictment, there was reversible error.

**3.—Same—Charge of Court—Night-time—Sundown.**

Where, upon trial of burglary, the court charged the jury that by night-time is meant any time from thirty minutes before sundown until thirty minutes before sunrise, there was error; as night-time under the statutes is thirty minutes after sundown, etc.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Will Glover,* for appellant.—On the question of the court's failure to charge on explanation of defendant of possession of stolen property: Alvia v. State, 60 S. W. Rep., 551; Johnson v. State, 96 S. W. Rep., 46; Bond v. State, 23 Texas Crim. App., 180; Smith v. State, 24 Texas Crim. App., 290.

Upon question of failure of proof of want of consent: Treadwell

v. State, 16 Texas Crim. App., 643; Taylor v. State, 23 Texas Crim. App., 639; Good v. State, 30 Texas Crim. App., 276; Jackson v. State, 7 Texas Crim. App., 363; Stewart v. State, 9 Texas Crim. App., 321; Wilson v. State, 12 Texas Crim. App., 481; Grisham v. State, 19 Texas Crim. App., 504; Anderson v. State, 14 Texas Crim. App., 49; Love v. State, 15 Texas Crim. App., 563; Miller v. State, 18 Texas Crim. App., 34; Pratt v. State, 19 Texas Crim. App., 276; Schulz v. State, 20 Texas Crim. App., 308.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by indictment with burglarizing the house of John Anderson with intent to commit the crime of theft.

The evidence discloses that somewhere after midnight Mrs. Anderson waked up and discovered a man in the room with his hand on her person. A conversation occurred between them, she thinking it was her husband, when the party in the house left. She turned on the light and the party ran away. She testified only as to her impression that it was appellant. The evidence introduced by appellant from his employers, who live in the country five miles, where appellant was staying, strongly tend to show that he was not in Hillsboro that night where the burglary is stated to have been committed. Appellant also introduced evidence to the effect that he bought the ring that Mrs. Anderson identified as hers in the town of Corsicana. The ring identified by Mrs. Anderson was taken from appellant on the 23d of July following the burglary on the 21st of the previous February. The alleged owner, John Anderson, was not placed upon the stand, and did not testify in the case.

Appellant urges error on the part of the court in failing to charge the jury with reference to his statement as to the purchase of the ring as he testified. This was error. This was made a ground of the motion for new trial. The State relied very largely upon the fact that the ring in question, taken from appellant in July after the burglary in February, showed that he was the party who entered the house. His account of his possession was by reason of the purchase. If this was true, or if the jury believed it to be true, or if there was a reasonable doubt of the truthfulness of this statement, appellant would not be guilty. It was used as one of the main criminating facts against him. It is the duty of the court, under such circumstances, to give a charge applicable to this state of facts. Appellant properly reserved his exception to this matter as authorized by the statute.

Appellant also relied upon the failure of the State to prove want of consent of the alleged owner. An inspection of the facts shows that Anderson, the alleged owner, did not testify in the case, nor is it shown that he did not give his consent to appellant, if appellant is the person who entered the house. This is a necessary averment in the

indictment under the statute, and the facts must show the want of consent.

The court also, in defining a nighttime burglary, improperly instructed the jury, in that he informed them that by nighttime is meant by the statute any time from thirty minutes before sundown until thirty minutes before sunrise. The statute makes nighttime thirty minutes after, and not before, sundown. This might not, perhaps, be serious error, as the facts show that the burglary was committed at night, but attention is called to this so that upon another trial, if it be deemed necessary to give a definition of nighttime, it may be properly given as defined in the statute.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*