GUY MITCHELL v. THE STATE.

No. 14100. Delivered April 29, 1931.

The opinion states the case.

*J. F. Mangum* and *Adams & Adams,* all of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary; punishment being two years in the penitentiary.

The house claimed to have been burglarized was alleged to have been controlled by W. T. Fussell, and the property therein to have belonged to him.

The point is made here that the record shows no proof as to want of consent of Fussell, either as to entry of the house or to the taking of property therefrom. We have examined the statement of facts carefully in regard to this matter. Although Fussell testified upon the trial

it does not appear that he was ever asked regarding his want of consent, either to the entering of the house or the taking of the property.

In Wisdom's case, 42 Texas Crim. Rep., 579, 61 S. W., 926, it was said: "Where the alleged owner is a witness, and fails to give direct and positive testimony to his want of consent—such want of consent will not be inferred from other circumstances in evidence."

It is recognized in the opinion that under certain conditions want of consent may be proved by circumstantial evidence but that this is not permissible where the witness who could give direct testimony on the point is present and testifies. The Wisdom case was followed in Caddell v. State, 49 Texas Crim. Rep., 133, 90 S. W., 1014, and in Hunt v. State, 89 Texas Crim. Rep., 404, 231 S. W., 775. See also Russell v. State, 86 Texas Crim. Rep., 580, 218 S. W., 1051, and Moray v. State, 61 Texas Crim. Rep., 549, 135 S. W., 569. It may be thought that in Brown v. State, 58 Texas Crim. Rep., 336, 125 S. W., 915, a different rule is announced. There the alleged owner was not present at the trial and of course did not testify. The State necessarily had to resort to proof of circumstances to show the want of consent and no objection was interposed to that character of testimony. In the present case nothing appears in the statement of facts which would indicate that the State was attempting to show want of consent by proof of circumstances. There was no necessity for it; the owner was present and giving testimony in court. The State apparently overlooked making the necessary proof on a vital averment in the indictment. In Meredith v. State, 85 Texas Crim. Rep., 239, 211 S. W., 227, the owner of the burglarized premises gave direct testimony to want of consent to the entry of the premises, but only circumstantially to lack of consent to taking the property therefrom. Under the facts of that case the rule announced in Brown's case was thought applicable. When the facts are understood neither the Brown nor Meredith cases are thought to be in conflict with the Wisdom, Caddell and Hunt cases. The judgment must necessarily be reversed for lack of evidence upon the point mentioned.

It was claimed that the house in question had been broken into about the last of March. At that time only a small table was missed. Some six months later, with appellant's permission, his house was searched. A small table, two old hats and some postcards which had been received by members of the Fussell family, were found. Appellant at that time accounted for his possession of the property by explaining that he had bought it from Mr. R. N. Dixon. We are asked to hold as a matter of law that proof of possession of the property six months after the burglary was too remote for the jury to base thereon an inference that appellant was the taker. Our decisions on the subject are not harmonious as may be discovered from an examination of the reported cases. The character of the property will under the circumstances of each

particular case necessarily have some bearing on the question. We are not inclined to agree with appellant in his position on this point.

We suggest that in view of appellant's claim that he bought the property from Mr. Dixon it would be much more satisfactory to have Mr. Dixon's version of the matter or some explanation of why it was not forthcoming.

Upon the point first discussed the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*