Betty ASHBY a/k/a Betty Clough, Appellant,

v.

The STATE of Texas, Appellee.

No. 57973.

Court of Criminal Appeals of Texas, Panel No. 3.

May 16, 1979.

On Rehearing Oct. 1, 1980.

Rehearing Denied Oct. 29, 1980.

James H. Kreimeyer, Belton, for appellant.

Pat J. Ridley, County Atty. and Tim Rudolph, Asst. County Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for theft over $20.00. The penalty was assessed at three days' imprisonment and a $300.00 fine.

Appellant was charged by information with the unlawful appropriation of one vacuum cleaner of the value of $99.95 with the intent to deprive the owner thereof of that property and without the owner's effective consent. Appellant, in a single ground of error, challenges the sufficiency of the evidence contending that the State failed to prove the lack of effective consent on the part of the owner. The State counters by arguing that any consent given was not effective because it was induced by deception. V.T.C.A., Penal Code, Section 31.01(4)(A).

The evidence shows that the appellant entered a Kroger Family Center store in Temple. She was seen pushing a cart from the rear of the store to the courtesy booth with several items including the vacuum cleaner alleged to have been stolen in the information. When she attempted to obtain a refund by presenting a receipt for the item, the manager of the store was called and an investigation followed which resulted in the denial of any refund to the appellant. Police officers were called and appellant was then arrested. Testimony established that the store involved was a self—service type store and the appellant never left the interior area of the store where shoppers were free to select items and place them in their respective shopping baskets.

The State's contention that lack of effective consent was shown because of the intent to defraud on the part of the appellant is not supported by the evidence or in law. First, the consent shoppers had to take items from the shelves was not induced by the type of deception and coercion dealt with in Section 31.01(4)(A). The consent

provided in such circumstances was the result of commercial convenience and not any particular deception or coercion on the part of the appellant. No authority is cited by the State for the novel proposition that one who enters the store with the fraudulent intent to unlawfully appropriate property has rendered the commercially provided consent of the store ineffective for purposes of our theft statute. V.T.C.A., Penal Code, Section 31.03. Rather, the facts provided in this record can only support a charge of attempted theft. See V.T.C.A., Penal Code, Section 15.01. Although we agree with the State that their witnesses do not have to articulate the magic words "effective consent" and the lack thereof, there must be some evidence in the record to support this essential element of the crime of theft. *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590. The taking of the complainant's property and placing it in the basket and taking it to the front of the store was not unlawful appropriation. The evidence is clearly insufficient to sustain this judgment of conviction.

Accordingly, the judgment of conviction is reversed and reformed to reflect an acquittal. See *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The cause is remanded for proceedings under Article 37.12, V.A.C.C.P.

ODOM, Judge, concurring.

The only ground of error in this case attacks the sufficiency of the evidence to show lack of consent. The charge is theft of a vacuum cleaner. The store manager was never asked if he gave consent to take the vacuum cleaner. The State's whole theory on appeal is that the manager *did* give consent, but that it was not *effective* consent because it was induced by deception. What the State overlooks is that deception is defined in V.T.C.A., Penal Code Sec. 31.-01(2), and there is no evidence in the record of any deception by appellant that would meet that statutory definition. One requirement for deception is that it must be

before delivery of the property. See, *Cortez v. State*, 582 S.W.2d 119 (1979). Here the appellant took the vacuum cleaner in her shopping cart to the service desk for a refund. The deception was in the attempted theft of the refund money, not the taking of the vacuum cleaner.

I concur in the disposition of this case.

W. C. DAVIS, Judge, dissenting.

I dissent to this disposition of appellant's ground of error. Appellant was charged with the unlawful appropriation of the vacuum cleaner. She was not charged with the attempted theft of the refund money. When she put the vacuum cleaner in her shopping cart, took it to the courtesy booth, presented a receipt for the item, and claimed to have purchased it earlier, this was sufficient to constitute the unlawful appropriation. Appellant had exercised control over the property. It was not necessary, as the opinion by Judge Phillips implies, for her to have left the store with the item in order to constitute an appropriation of the item. While the complainant testified that it was not unusual for shoppers to place items in their shopping carts and walk around with them, this is not all that appellant did. Further, this cannot be construed as consent for shoppers to take items to the courtesy booth and claim to have purchased them earlier and demand the purchase price back.

The record reflects that the prosecutor asked the complainant:

"Q.  [Prosecutor]: Would you refund on an item if a person said 'These are yours, but I want you to give me money for them anyway'?

"A.  [Complainant]: Would I do that?

"Q.  Yes.

"A.  No.

"Q.  So you have to establish proof of ownership first?

"A.  Yes."

This testimony of the complainant should be sufficient to establish that appellant's act in appropriating the property, claiming to have paid for it earlier, and demanding a

refund, was done without the effective consent of the owner. The act which constituted the offense herein was appellant's exercise of control over the vacuum cleaner with the representation as to ownership which she made at the courtesy booth. The evidence should be sufficient to prove that she committed theft.

I dissent.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

Appeal is taken from a conviction for theft over $20.00 but less than $200.00. Appellant was found guilty in a trial before the court and punishment was assessed at 3 days and a fine of $300.00.

Sherry Locklin testified that on January 20, 1977, she was employed at a Kroger Family Center store in Temple. About 3:30 p. m., appellant approached the courtesy booth in which Locklin was working. Locklin stated that appellant was pushing a shopping cart which contained a radio, television set and vacuum cleaner. Appellant told Locklin that she had purchased the items earlier in the day, but was now returning the merchandise for a refund. Although appellant produced a receipt for a vacuum cleaner, radio and television set which had been purchased from Kroger's, Locklin refused to refund the purchase price of these items.

Kathy Black testified that she was a cashier at Kroger's. Approximately four hours before appellant attempted to obtain a refund, Black had sold a vacuum cleaner, television set and radio to Linda Ellis. Black stated that the vacuum cleaner sold to Ellis was the only vacuum cleaner which had been purchased in the store that day. Black testified that the vacuum cleaner upon which appellant sought a refund was not the same unit which had been sold to Ellis.

Michael Barron also worked at Kroger's. Barron stated that on the morning of the offense, there had been two vacuum clean-

ers on the shelf at the store. Barron testified that he saw appellant pushing a shopping cart which contained a vacuum cleaner. After seeing appellant he noticed that the shelf did not contain any vacuum cleaners.

Leland Travis testified that he was the manager of the Kroger store in Temple. As manager, Travis was in charge of all the merchandise in the store. Travis explained that the store was a self–service type in which customers would take items off the shelf and bring those items to the cashiers to be purchased. Likewise, customers were allowed to walk around display areas of the store with unpurchased merchandise which had been taken off the shelf. However, with regard to a customer's action in possessing and claiming a refund for unpurchased items, Travis testified as follows:

"Q. Would you refund on an item if a person said, 'These are yours, but I want you to give me money for them anyway'?

"A. Would I do that?

"Q. Yes.

"A. No.

"Q. So you have to establish proof of ownership first?

"A. Yes."

Following her attempt to obtain a refund, Travis determined that the vacuum cleaner had not been purchased from the store as appellant had informed Locklin. Appellant was then detained at the store and arrested by Officer Pete Munoz of the Temple Police Department.

In her sole ground of error, appellant challenges the sufficiency of the evidence. She maintains that the State failed to prove a lack of consent as alleged. The information herein alleges that on January 20, 1977, appellant:

"did then and there with intent to deprive the owner, Leland Travis, of property, namely 1 vacuum cleaner of the value of $99.95, unlawfully appropriate the property without the owner's effective consent."

Appellant contends that when the owner of stolen property testifies at trial, a lack of consent must be proven by way of direct evidence. She points to the fact that Travis did not testify that the vacuum cleaner was taken without his "effective consent." In support of her contention concerning the necessity of direct evidence, appellant relies on *Stallworth v. State*, 167 Tex.Cr.R. 19, 316 S.W.2d 417; *Mitchell v. State*, 166 Tex.Cr.R. 291, 313 S.W.2d 286; *Mitchell v. State*, 117 Tex.Cr.R. 78, 38 S.W.2d 331. We note that the cases upon which appellant relies were expressly overruled by this Court in *Taylor v. State*, Tex.Cr.App., 508 S.W.2d 393 when it was held:

". . . We hold that proof of lack of consent to the entry and taking of personal property in prosecutions for burglary with intent to commit theft or theft may be made by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence. Cases holding to the contrary are overruled."

On original submission, it was found that the evidence was insufficient to support appellant's conviction. The majority opinion rejected the State's contention that one who enters a store with the fraudulent intent to unlawfully appropriate property has rendered the "commercially provided consent" of the store ineffective for purposes of our theft statute. The opinion concluded that appellant's acts did not constitute unlawful appropriation and that the evidence would merely support a charge of attempted theft. In a concurring opinion, it was noted that any deception employed by appellant occurred after delivery of the property and would not meet the statutory definition of deception as contained in V.T.C.A. Penal Code, Sec. 31.01(2).

In its motion for rehearing, the State contends that appellant's actions within the store constituted the offense of theft. While the evidence may have proven an attempted theft of the refund money from Locklin, they nevertheless maintain that the evidence was sufficient to prove theft of the vacuum cleaner as alleged in the information.

V.T.C.A. Penal Code, Sec. 31.03(a) and (b)(1) provide as follows:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent;"

The critical issue in this case is whether the State proved that appellant took the vacuum cleaner from the shelf without Travis' effective consent. Sec. 31.01(4)(A) provides that an owner's consent to appropriation of property is not effective if such consent was induced by deception. With regard to consent which has been induced by deception, the Practice Commentary to Sec. 31.03 states as follows:

"The definition of 'effective consent' in Section 31.01(4) provides that the victim's consent is vitiated if it is 'induced by deception,' a term defined in Section 31.-01(2). As in the prior law of swindling and theft by false pretext, the victim's consent must result from his reliance on the deception when he would not have consented if he knew the truth, cf. *Thornton v. State*, 352 S.W.2d 742 ([Tex.]Cr. App.1962); *Nickson v. State*, 180 S.W.2d 161 ([Tex.]Cr.App.1944). . . .

"Conduct that constitutes deception and therefore vitiates consent is defined broadly in Section 31.01(2), because, if the actor intentionally deceives with intent to induce consent, any successful method should be covered. Despite the breadth of the conduct defined as deceptive, however, the definition, with one narrow exception, requires a material deception—one 'likely to affect the judgment of another in the transaction'—and imposes no affirmative duty to disclose. . . .

"The definition focuses on the most frequent form of deception, a false 'impression' intentionally created, rather than any particular misrepresentation. Thus an actor may deceive by disclosing selected truths and omitting others, without a

single lie; he may also deceive by his conduct as well as by words, and by reinforcing preexisting misconceptions as well as by creating them. . . ." (Searcy and Patterson, Practice Commentary, 3 Tex.Penal Code Ann., 418.)

Travis' testimony established that a customer had consent to remove and temporarily possess an item from the shelf of the store. Such consent was necessary in order to effectuate the eventual purchase of the item by the customer from a cashier. This consent was shown to extend only to those customers who were legitimately on the premises and honestly contemplating the purchase of merchandise.

Appellant was shown to have removed the vacuum cleaner from the shelf and placed it into a shopping cart. These actions constituted appropriation of the property by means of exercising control over it. See, Sec. 31.01(5)(B). Although she had the appearance of a legitimate customer who would have had consent to temporarily possess the item in order to purchase it, the evidence shows that she removed the item from the shelf with the intent of claiming ownership for an item which she had not purchased.

We find that the evidence shows that Travis' consent to appellant's possession of the vacuum cleaner was induced by deception. By her conduct in appearing to be a legitimate customer, appellant created a false impression of fact concerning her intentions with regard to the vacuum cleaner. This false impression in turn affected Travis' judgment in giving consent to the removal of the item from the shelf of the store. Travis stated that he would not authorize a refund for an item which had not been purchased. Lastly, we find the evidence sufficient to prove that appellant intended to deprive Travis of the property. As noted above, appellant offered to return the vacuum cleaner only upon payment by Locklin.[1]

In *Williams v. State*, Tex.Cr.App., 591 S.W.2d 873, we found the evidence sufficient to prove that a dress was taken without the effective consent of the owner. Although the alleged owner of the dress did not testify, lack of consent was proven by means of circumstantial evidence. It was stated:

"It is a completely unreasonable hypothesis that a person who had the consent of the owner of a store to take a dress would hide it under his coat after removing it from a rack and depart from the store with it almost completely concealed under his clothing." *Williams v. State*, supra at 876.

In the instant case, it is a completely unreasonable hypothesis that appellant had Travis' consent to remove an item from the shelf with the apparent intent of purchasing it, pretend to have purchased it earlier in the day and seek a refund. We find that the evidence excludes every reasonable hypothesis except for that of appellant's guilt in taking the vacuum cleaner without the effective consent of the owner.

The State's motion for rehearing is granted and the judgment is affirmed.

## CONCURRING OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge, concurring.

This is the case in which the appellant took a vacuum cleaner from Kroger's shelf and tried to get a "refund" from a clerk by presenting a receipt and claiming that she had purchased the machine earlier that day. The information alleged that on January 20, 1977, she

"did then and there with intent to deprive the owner, Leland Travis, of property, namely 1 vacuum cleaner of the value of $99.95, unlawfully appropriate the property without the owner's effective consent against the peace and dignity of the State."

---

1. Sec. 31.01(3)(B) provides as follows:
   "(3) 'Deprive' means:
   ". . .

"(B) to restore property only upon payment of reward or other compensation;"

The panel produced three opinions. Judge Phillips held that there was no unlawful appropriation in taking the machine from the shelf because shoppers had consent to do so. Judge Odom concurred, pointing out that there was no deception *before* the machine was taken from the shelf, so there was no proof of lack of consent. Judge W. C. Davis dissented, saying, "The act which constituted the offense herein was appellant's exercise of control over the vacuum cleaner with the representation as to ownership which she made at the courtesy booth."

On rehearing, the plurality's theory is that the appellant did not have effective consent to take the machine off the shelf, because the store manager was deceived by appellant's conduct in appearing to be a legitimate customer, a deception which affected the manager's judgment in giving consent to removal of the machine from the shelf. (The plurality opinion does not cite any evidence to support its statement that the manager's judgment was affected.)

Judge Clinton has a dissenting opinion which says that the appellant had no intent to deprive the owner of the vacuum cleaner, only an intent to deprive him of money.

Reluctant as I am to add a sixth voice to the case, I shall offer a different analysis. The opinions of Judges Phillips, Odom, and Tom Davis all turn on the question of whether the appellant had consent to take the machine off the shelf; they viewed the case as though the appropriation took place when the appellant took the machine off the shelf. (In Judge Tom Davis's opinion, the offense must have been complete at that point.) Those opinions are assuming that the appropriation was of the kind defined by Penal Code Section 31.01(5)(B): "'Appropriate' means . . . to acquire or otherwise exercise control over property other than real property."

It seems to me that the appropriation in this case was of the other kind, which is defined by Section 31.01(5)(A): "'Appropri-

ate' means . . . to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; . . . ." When the appellant approached the clerk, displayed a receipt for a vacuum cleaner, and told the clerk that she had bought the machine earlier in the day, she brought about a purported transfer of title. It was at that point, and that manner, that the appropriation of the vacuum cleaner came about. By stealing title to the vacuum cleaner in this manner, the appellant hoped to commit a second theft: stealing money by "selling" back a machine to which she had purported title.*

This approach (to which Judge W. C. Davis alluded when he wrote that the offense included "the representation of ownership") has several advantages. It fixes the completion of the crime at the time the wrongful claim was made. The question becomes, not the manager's lack of consent to take the machine off the shelf (which was not really proved), but his lack of consent for the appellant to assert title to the machine. This was proved:

"Q. ALL RIGHT. DID YOU CONSENT TO THE REFUND?

"A. NO, I DIDN'T.

"Q. WHY DIDN'T YOU?

"A. DUE TO A SEQUENCE OF EVENTS. I HAD EARLIER IN THE DAY HEARD THAT WE HAD SOLD A VACUUM—

\*  \*  \*  \*  \*  \*

"Q. DID YOU TALK TO A CASHIER KATHY BLACK?

"A. YES.

"Q. DID SHE IDENTIFY THIS TO BE OR NOT BE THE SAME ONE SOLD EARLIER IN THE DAY?

"A. SHE IDENTIFIED THAT THIS WAS NOT THE ONE SHE SOLD EARLIER IN THE DAY.

"Q. WAS IT BASED ON THIS THAT YOU DENIED THE REFUND?

---

* In this respect, Judge Clinton's opinion is correct in pointing out that the appellant had intent to steal money. I just cannot agree that that was her only intent; she first had to steal the vacuum cleaner.

"A. YES, ALSO I ASKED ALL MY OTHER CASHIERS IF THEY HAD SOLD ONE THAT DAY.

\* \* \* \* \* \*

"Q. WHEN SHE ASKED FOR A REFUND FOR THESE ITEMS, WAS SHE CLAIMING THEM TO BE HER OWN?

"A. I WASN'T AT THE COURTESY BOOTH AT THE TIME SO–

"Q. WOULD YOU REFUND ON AN ITEM IF A PERSON SAID, 'THESE ARE YOURS, BUT I WANT YOU TO GIVE ME MONEY FOR THEM ANYWAY'?

"A. WOULD I DO THAT?

"Q. YES.

"A. NO.

"Q. SO YOU HAVE TO ESTABLISH PROOF OF OWNERSHIP FIRST?

"A. YES.

MR. RUDOLPH: PASS THE WITNESS.

RECROSS EXAMINATION

"*BY MR. KREIMEYER*:

"Q. DO YOU REQUIRE EVERYBODY TO BRING–YOU SAY PROOF OF OWNERSHIP. YOU REQUIRE THEM TO BRING A SALES SLIP; IS THAT CORRECT?

"A. YES.

"Q. YOU WOULDN'T CARE IF I BOUGHT SOMETHING FROM YOUR STORE WITH CASH, LET'S SAY, LEGIT<u>A</u>MATELY AND SENT ANOTHER INDIVIDUAL IN TO MAKE A REFUND ON IT, WOULD YOU? THAT WOULD BE OF NO OBJECTION TO YOU, WOULD IT?

"A. NOT AS LONG AS I HAD NO DOUBT AS TO OWNERSHIP.

"Q. THAT'S WHAT I'M SAYING. IF SOMEBODY PURCHASED SOMETHING AND SENT ANOTHER INDIVIDUAL BACK TO RETURN IT, THAT WOULDN'T MAKE ANY DIFFERENCE TO YOU, WOULD IT?

"A. NO, IT WOULD NOT.

"Q. AND WHEN YOU WROTE UP THIS DESCRIPTION OF STOLEN PROPERTY, WHAT IS WHAT YOU WERE DESCRIBING RIGHT THERE? THAT'S WHAT WAS STOLEN IN YOUR OPINION?

"A. YES."

I vote to affirm on this theory.

DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge, dissenting.

Cognizant that specific intent is an essential element of the offense of theft, the pleader alleged that appellant acted "with intent to deprive the owner . . . of property, namely 1 vacuum cleaner . ." The opinion for the Court on State's motion for rehearing explores a good many areas in the law of theft, but factually concludes that "the evidence shows that she removed the item from the shelf *with the intent of claiming ownership*" (Opinion page 901 [emphasis added]) in order to obtain a "refund" for an item which she had not purchased. This is a clearcut finding of a specific intent *other than* to deprive the owner of a vacuum cleaner, and it is the only one that may be correctly made in this case.

Patently appellant and another devised a scheme to defraud Kroger's store. The fraud was to be perpetrated by representing that the vacuum cleaner and other items were those shown by the receipt she presented to have been earlier purchased. Depriving Kroger's of the items is the antithesis of the scheme. For it to succeed the items had to remain just where they were–in the display area of the store behind the checkout counters. Thus, the intent was not to deprive the owner of the vacuum cleaner, as alleged, but of currency in exchange for the receipt. The items in the shopping cart were merely props in the fraudulent scheme that failed.

I respectfully dissent.

ONION, P. J., and ODOM and PHILLIPS, JJ., join.