ACCEPTED
14-14-00682-CR
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
2/12/2015 8:19:03 PM
CHRISTOPHER PRIN
CLERK

No. 14-14-00682-CR

TEXAS COURT OF APPEALS
FOURTEENTH JUDUCIAL DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
2/12/2015 8:19:03 PM
CHRISTOPHER A. PRINE
Clerk

TROY LEE BRIDGES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

Appeal in No. 17438
In the 344th District Court
Chambers County, Texas

BRIEF OF APPELLANT

James F. Keegan
Texas Bar No. 11155400
4421 Jim West Street
Bellaire, Texas 77401
713-668-4797
whynyet@sbcglobal.net
Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Troy Lee Bridges
Appellant

Represented at trial by:

Gary F. Dennison
Texas Bar No. 05755000
340 Main Street
Liberty, Texas 77575
936-336-6408
936-336-8167-facsimile

Represented on appeal by:

James F. Keegan
Texas Bar No. 11155400
4421 Jim West Street
Bellaire, Texas 77401
713-668-4797
whynyet@sbcglobal.net

The State of Texas
Appellee

Represented at trial and on appeal by:

Dane Listi
Texas Bar No. 00794178
First Assistant District Attorney
Chambers County
P.O. Box 1409
Anahuac, Texas 77514
409-267-8271
409-267-3105-facsimile

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................…... i

TABLE OF CONTENTS ...............................................…............. ii

INDEX OF AUTHORITIES ...........................................…................ iii

STATEMENT OF THE CASE ........................…..................…... v

STATEMENT REGARDING ORAL ARGUMENT ...............................…................ vi

ISSUES PRESENTED ....................…........ ...................................…. vii

STATEMENT OF FACTS ..........................................…....................... 1

SUMMARY OF THE ARGUMENT .......................................…..................... 2

ARGUMENT ..................................................................…............ 3

PRAYER ................................................................…................ 9

CERTIFICATE OF COMPLIANCE ....................................…............….....…... 10

CERTIFICATE OF SERVICE ...........................................…..…............... 10

INDEX OF AUTHORITIES

Cases                                                                                    Page


*Houston v. State*, 201 S.W.3d 212, 217
        (Tex.App.-Houston [14th Dist.] 2006, no pet.  ............................................ 7

*Lopez v. State*, 96 S.W.3d 406, 416
        (Tex.App.-Austin 2002, pet. ref'd)  ........................…............................... 7

*McCarter v. State*, 527 S.W.2d 296, 298 (Tex.Crim.App. 1975)  .......…...….…. 5

*Pena v. State*, 132 S.W.3d 663, 668-669
        (Tex.App.-Corpus Christi 2004, no pet.) .....................…....….…........... 8

*Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App. 1983)  ...........…..…….…. 8

*Seals v. State*, 604 S.W.2d 899, 906
        (Tex.App.-San Antonio 1982, no pet.) .....................…....….…........... 4

Texas Penal Code

§ 12.32 ...................................................................................................... 4

§ 12.33 ...................................................................................................... 3

§ 12.42(b) ............................................................................................... 4&7

§ 12.42(c)(1) ............................................................................................... 7

§ 12.42(d) ................................................................................................... 4

§ 22.02(a)(2) & (b) ...................................................................................... 3

## STATEMENT OF THE CASE

Troy Lee Bridges was charged in No. 17438 with the second degree felony offense of aggravated assault with a deadly weapon, the indictment (CR-4&5) alleging that, on or about August 12, 2013, in Chambers County, Texas, he intentionally or knowingly threatened Leann Ball with imminent bodily injury by placing a firearm to her head, using or exhibiting a firearm during the commission of the assault. The State further alleged six prior felony convictions for purposes of enhancement. CR-54&55.

On August 11, 2014, jury voir dire was conducted (*see* RR7), and on August 12, 2014, Bridges plead not guilty (RR8-10&11). Thereafter, the State presented three witnesses, and then rested (RR8-165). Bridges rested without presenting any witnesses, and without testifying on his own behalf. RR8-166. The jury found Bridges guilty of aggravated assault with a deadly weapon as charged in the indictment (CR-73 and RR9-34-35).

Thereafter, an agreement was reached regarding punishment. RR9-36&37. Bridges plead true to allegation of two prior felony convictions as identified in his stipulation (RR9-55&56), and the court below sentenced him to confinement in the Texas Department of Criminal Justice – Institutional Division for a term of 32 years (CR-82&83, CR-85&86, and RR9-57&58).

# STATEMENT REGARDING ORAL ARGUMENT

Troy Lee Bridges does not request oral argument.

ISSUES PRESENTED

1.  The court below erred in accepting the punishment agreement entered into by Bridges with the State, as neither the indictment (CR-4&5) nor the State's notice of intent to enhance (CR-54&55) alleged that Bridges was an habitual offender.

2.  The punishment agreement entered into by Bridges with the State was neither knowing nor voluntary, as Bridges was erroneously advised as to the range of punishment to which he might have been subjected.

3.  Bridges received ineffective assistance of counsel in entering into the punishment agreement with the State.

TO THE FOURTEENTH COURT OF APPEALS FOR THE STATE OF TEXAS:

Appellant Troy Lee Bridges, convicted of aggravated assault with a deadly weapon in No. 17438 in the 344th District Court of Chambers County, Texas, appeals his sentence of confinement in the Texas Department of Criminal Justice – Institutional Division for a term of 32 years.

STATEMENT OF FACTS

Troy Lee Bridges was charged in No. 17438 with the second degree felony offense of aggravated assault with a deadly weapon, the indictment (CR-4&5) alleging that, on or about August 12, 2013, in Chambers County, Texas, he intentionally or knowingly threatened Leann Ball with imminent bodily injury by placing a firearm to her head, using or exhibiting a firearm during the commission of the assault.  The State, by notice of intent to enhance (CR-54&55), further alleged six prior felony convictions for purposes of enhancement.

On August 11, 2014, jury voir dire was conducted (*see* RR7), and the jury empanelled (RR7-194).  On August 12, 2014, the jurors were sworn (RR8-10), and Bridges plead not guilty (RR8-10&11).  Thereafter, the State presented three witnesses, and then rested (RR8-165).  Bridges rested without presenting any witnesses, and without testifying on his own behalf. RR8-166.  After argument on behalf of Bridges (RR9-11-16) and on behalf of

1

the State (RR9-16-28), the jury found Bridges guilty of aggravated assault with a deadly weapon as charged in the indictment (CR-73 and RR9-34-35).

Thereafter, an agreement was reached regarding punishment. RR9-36&37. Bridges stipulated, in writing and in open court, that he had twice previously been convicted of a felony, the second felony having been committed after the first conviction had become final. CR-81 and RR9-52-54. He plead true to the allegation of two prior felony convictions as identified in his stipulation (RR9-55&56), and the court below sentenced him to confinement in the Texas Department of Criminal Justice – Institutional Division for a term of 32 years (CR-82&83, CR-85&86, and RR9-57&58).

## SUMMARY OF THE ARGUMENT

Bridges entered into a punishment agreement with the State. Prior to entering into that agreement, voir dire by the State suggested that Bridges was being tried as an habitual offender. Prior to entering into that agreement, Bridges was directly admonished by both the court below and by his defense counsel that he might have been subjected to a punishment range of 25 years to 99 years, or life, if he proceeded to a contested punishment hearing. Yet Bridges was not being tried as an habitual offender.

ARGUMENT

1. The court below erred in accepting the punishment agreement entered into by Bridges with the State, as neither the indictment (CR-4&5) nor the State's notice of intent to enhance (CR-54&55) alleged that Bridges was an habitual offender.

2. The punishment agreement entered into by Bridges with the State was neither knowing nor voluntary, as Bridges was erroneously advised as to the range of punishment to which he might have been subjected.

3. Bridges received ineffective assistance of counsel in entering into the punishment agreement with the State.

Bridges was charged with, and tried for, the offense of aggravated assault with a deadly weapon. CR-4&5 and RR8-10. Aggravated assault with a deadly weapon is a second degree felony. Texas Penal Code § 22.02(a)(2) and (b). The punishment range for a second degree felony is confinemant in the Texas Department of Criminal Justice for any term of not less than 2 years, and not more than 20, plus an optional fine not to exceed $10,000. Texas Penal Code § 12.33.

However, by its notice of intent to enhance, the State alleged six prior felony convictions for purposes of enhancement. CR-54&55. The punishment range for a second degree felony enhanced by one prior felony conviction is that of a first degree felony, confinement in the Texas Department of Criminal Justice for any term of not less than 5 years, and not more than 99 years, or

life, plus an optional fine not to exceed $10,000. Texas Penal Code § 12.42(b) and § 12.32.

With the apparent intent to punish Bridges as an habitual offender, the State alleged six prior felony convictions. CR-54&55. Texas Penal Code § 12.42(d) provides, in relevant part, as follows:

> ... if it is shown on the trial of a felony offense ... that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. ...

To punish a defendant as an habitual felony offender, the State is thus required to allege and prove both two or more prior felony convictions, and that one of those was for an offense committed after an earlier felony conviction had become final.

In order to invoke the provisions of § 12.42(d), it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefore. *Seals v. State*, 604 S.W.2d 899, 906 (Tex.App.-San Antonio 1982, no pet.). In order to invoke the provisions of the habitual felony statute, it is necessary to show that each succeeding conviction alleged for enhancement was subsequent both in point of time of the

4

commission of the offense and the conviction therefor. *McCarter v. State*, 527 S.W.2d 296, 298 (Tex.Crim.App. 1975).

Although the State's notice of intent to enhance alleged six prior felony convictions, it did not allege that any was for an offense committed after any of the remaining five had become final. Nevertheless, the assumption throughout Bridges' trial appears to have been that he was subject to punishment as an habitual offender were he to be convicted, and were the State to prove two or more of the prior convictions alleged. *See* RR7-118&119 – voir dire by the State, RR9-40 – admonishment of Bridges by the court below, and RR9-40 – admonishment of Bridges by defense counsel.

The stipulation of evidence (CR-81) signed by Bridges did list two prior felony convictions, the second for an offense committed after the first had become final. But that the second was for an offense committed after the first had become final was not alleged in either the indictment or in the State's notice of intent to enhance.

Bridges was erroneously advised as to the range of punishment to which he might have been subjected. During voir dire, the State asked the following:

> If there was a law or there was a way that this case could be enhanced and the punishment for the same offense was 25 to 99, could anybody – could everybody follow that range of

punishment, if that's the law?  Anybody on the first row got a problem with a minimum of 25 years and a maximum of life, or 99?

RR7-118&119.  There was no objection by defense counsel.  Prior to accepting the punishment agreement, the court below admonished Bridges as follows:

> And you realize that by doing this, that the full range of punishment comes open and it can vary?  Obviously, if you have enhancement paragraphs, it can be 25 to 99, or life, if you don't have some agreement.

RR9-40.  There was no objection by defense counsel, who himself admonished Bridges as follows:

> But for the agreement – what the Judge is saying, but for our agreement, the range of punishment was 25 to 99, or life.

RR9-40.  Finally, the written plea admonishments, signed by Bridges, defense counsel, the State, and the court below, identified Bridges as an habitual offender, subject to confinement for life, or for any term of not more than 99 years or less than 25.  CR-79&80.

Bridges can only have relied on what he had been told.  Immediately after being erroneously admonished by the court below and defense counsel, occurred the following:

The Defendant:  Okay.

Mr. Dennison:  Do you understand that?

The Defendant:  Yeah.

6

The Court: Okay.

Mr. Dennison: And that was the reason we reached this agreement.

The Defendant: Oh, okay. All right. Yes.

RR9-40.

In fact, Bridges could not have been punished as an habitual offender. Had he proceeded to a contested punishment phase of trial, he could have been punished as a second degree felony offender, as a first degree felony offender pursuant to Texas Penal Code § 12.42(b), or, arguably, as a first degree felony offender with a prior felony conviction, pursuant to Texas Penal Code § 12.42(c)(1), depending on the jury's findings regarding the allegations of six prior felony convictions.

If the trial court properly admonished the defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Houston v. State*, 201 S.W.3d 212, 217 (Tex.App.-Houston [14th Dist.] 2006, no pet.). There is no such showing with regard to the punishment agreement entered into by Bridges – the court below erroneously advised him as to the range of punishment to which he might have been subjected.

A defendant in a criminal case has a constitutional right to the reasonably effective assistance of counsel. *Lopez v. State*, 96 S.W.3d 406, 416 (Tex.App.-Austin 2002, pet. ref'd). This right does not mean errorless counsel,

7

or counsel whose competency is judged by hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App. 1983). But the performance of Bridges' defense counsel with respect to the punishment range to which Bridges might have been subjected fell below an objective standard of reasonableness. Defense counsel failed to object to voir dire by the State suggesting that the punishment range might be 25 years to 99 years, or life. RR7-118&119. Defense counsel failed to object when the court below admonished Bridges that the punishment range might be "25 to 99, or life". RR9-40. Defense counsel himself erroneously admonished Bridges that "the range of punishment was 25 to 99, or life." RR9-40. Defense counsel failed to object to the written plea admonishments identifying Bridges as an habitual offender, subject to confinement for life, or for any term of not more than 99 years or less than 25. CR-79&80.

If a guilty plea is entered upon the advice of counsel, that counsel must be competent and render effective assistance. To prove his claim of ineffective assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's defective performance, he would not have plead guilty, and would have insisted upon going to trial. *Pena v. State*, 132 S.W.3d 663, 668-669 (Tex.App.-Corpus Christi 2004, no pet.).

Bridges, of course, did not plead guilty, but the same standard applies to a punishment agreement. The performance of Bridges counsel did in fact fall below an objective standard of reasonableness. There is not only a reasonable probability that, had he known of the correct punishment range, Bridges would have rejected the agreement for 32 years confinement, but also that, had all involved been aware of the correct punishment range, Bridges would have been offered an agreement for a lower term of confinement.

PRAYER

Appellant Troy Lee Bridges accordingly prays that the Court reverse his sentence of confinement in the Texas Department of Criminal Justice – Institutional Division for a term of 32 years, and remand the case to the court below for a new punishment hearing.

Respectfully submitted,
Troy Lee Bridges
Appellant

By: /s/ James F. Keegan
James F. Keegan
Texas Bar No. 11155400
4421 Jim West Street
Bellaire, Texas 77401
713-668-4797
whynyet@sbcglobal.net
Attorney for appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the brief of appellant, in its entirety, is 2607 words.

/s/ James F. Keegan<br>James F. Keegan

## CERTIFICATE OF SERVICE

A copy of the brief of appellant was electronically served upon Eric Carcerano, Assistant District Attorney, Chambers County, Anahuac, Texas 77514, ecarcerano@co.chambers.tx.us, using eFileTexas, on this the 12th day of February, 2015, but after 5:00 p.m.

/s/ James F. Keegan<br>James F. Keegan