**Affirmed and Memorandum Opinion filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00536-CR

---

**ISAI GERMAN MARES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1428196**

---

## M E M O R A N D U M   O P I N I O N

A jury found Isai German Mares guilty of theft as a third offender. The trial court sentenced him to two years' confinement in state jail. In two issues, appellant challenges the sufficiency of the evidence to support the conviction and asserts the trial court erred in allowing a witness to testify despite the State's late disclosure of the witness. We affirm.

## BACKGROUND

On February 25, 2014, Todd Woodyard parked his truck in the parking lot of an entertainment complex in Houston. His bow-fishing rig, worth between $600 and $700, was in the truck. He left to eat dinner and see a movie. When he returned to his truck, he noticed the locks on the front doors had been bored out. Several items were missing from his truck, including the fishing rig. He reported the crime to the complex's security personnel and to the police. Woodyard provided information to the police by telephone only. No police officers visited the scene, examined the truck, interviewed Woodyard, or canvassed the area for witnesses.

Seven days later, on March 4, 2014, appellant entered Cash America, a pawn shop near his home but several miles southeast of the entertainment complex. He pawned the fishing rig for $60. A video camera installed in Cash America recorded appellant's entry into the store with the fishing rig and his transaction with Jack Sanders, the store's manager.

Sanders entered identifying and contact information about appellant and the fishing rig into Leads Online, a computer database law enforcement departments use to search for stolen property. Cash America's policy is to wait 20–30 days to place items for sale; the purpose of that delay is to allow police to locate and seize any stolen items.

On March 29, 2014, Woodyard was searching the internet for a replacement bow-fishing rig. He discovered his own rig listed for sale on Craigslist by Cash America. He recognized the rig due to its unique features. Thereafter, Woodyard and a police officer he knew went to Cash America and retrieved the rig. Woodyard did not know appellant and had not given him permission to take the fishing rig. Appellant was eventually arrested for theft of the rig.

The police report is said to refer to a manager of Cash America, but it does not name Sanders.[1] The complaint presented to the grand jury states that police officers spoke to "Rene Gomez, who is the manager of this pawn shop."

Sanders, Woodyard, and two police officers testified for the State. Appellant moved for a directed verdict at the close of the State's case, and the trial court denied the motion. Appellant did not testify, call witnesses, or present evidence. The jury found appellant guilty, and the trial court assessed punishment. Appellant filed a notice of appeal and a motion for new trial. His motion asserted the trial court erred by allowing Sanders to testify despite the State's not disclosing him on its witness list until the day before trial. The motion was overruled by operation of law.

ANALYSIS

## I.     Sufficiency of the evidence

In his first issue, appellant asserts the evidence is insufficient to support his conviction because the State did not prove he stole the fishing rig. He does not dispute the facts recited above but contends they do not prove he took the rig from Woodyard's truck.

### A.     Standard of review

The legal sufficiency standard of review is the only standard we apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most

---

[1] The description of the police report's contents comes from the affidavit of appellant's trial counsel, which was attached to appellant's motion for new trial. The police report is not in the appellate record.

3

favorable to the verdict. In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

Reconciliation of conflicts in the evidence is within the exclusive province of the fact finder. *See Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). The appellate court's duty is not to reweigh the evidence, but to serve as a final due process safeguard ensuring only the rationality of the fact finder. *See Williams v. State*, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996). An appellate court faced with a record of facts that supports conflicting inferences must presume— even if not obvious from the record—that the finder of fact resolved any such conflicts in favor of the State, and must defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

4

**B.** **Sufficient evidence supports jury's finding that appellant unlawfully appropriated the bow-fishing rig**

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a). As relevant in this case, "to appropriate" means "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4)(B). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1).

A defendant's unexplained possession of property recently stolen is sufficient to support a conviction of theft. *See Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). However, to warrant such an inference from possession alone, the possession must be personal and unexplained, the defendant must have distinctly and consciously asserted his right to the property, and the theft must have been recent. *Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex. Crim. App. 1977).

Appellant does not dispute he: (1) personally had possession of the fishing rig, (2) did not explain how he came into possession of it, and (3) asserted the right to the rig by selling it to Cash America. Instead, he asserts the sale was too far away in time to support the inference that he stole the rig.

"Recent" is a relative term that depends on the facts and circumstances of each case. *See Mitchell v. State*, 38 S.W.2d 331, 332 (Tex. Crim. App. 1931) (declining to hold as a matter of law that six months between theft and appellant's possession of item was too remote). Whether the property was stolen "recently" relative to the defendant's possession is a question of fact. *Jackson v. State*, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref'd). "Generally, the shorter the interval between the theft and the possession, the stronger the inference." *Id.*

5

Texas courts have concluded thefts that occurred anywhere from half an hour to six months before the defendant was found to be in possession of an item were sufficiently "recent" to support an inference the defendant stole the item. *E.g.*, *Poncio*, 185 S.W.3d at 905 (30 minutes); *Hardesty v. State*, 656 S.W.3d 73, 77 (Tex. Crim. App. 1983) (15 days); *Mitchell*, 38 S.W.2d at 332 (six months); *Reyes v. State*, 422 S.W.3d 18, 22 (Tex. App.—Waco 2013, pet. ref'd) (one day); *Jackson*, 12 S.W.3d at 838 (two days).

Faced with a record of facts that supports conflicting inferences, we must presume the jury resolved any such conflicts in favor of the State, and we must defer to that resolution. *Jackson*, 443 U.S. at 326. The jury could have reasonably inferred appellant unlawfully appropriated the fishing rig seven days before he sold it to Cash America. We conclude appellant's conviction is supported by sufficient evidence.

We overrule appellant's first issue.

## II. Testimony of witness disclosed on eve of trial

In his second issue, appellant contends the trial court abused its discretion in allowing Jack Sanders, the manager of Cash America, to testify, because the State did not identify Sanders on its witness list at least ten days before trial.

### A. Standard of review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). If the trial court's decision was within the bounds of reasonable disagreement, we will not disturb its ruling. *See id.* If the decision is correct on any applicable theory of law, it will be sustained. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

We give almost total deference to the trial court's determination of historical facts that depend on credibility and demeanor. If the trial court does not enter written or oral findings of fact, the reviewing court must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact to support its ruling as long as those findings are supported by the record. *Oprean*, 201 S.W.3d at 726. By contrast, we review de novo the court's application of the law to the facts, because resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

### B.    Events before Sanders' testimony

Trial was originally scheduled for April 1, 2015, but was reset four times. It began May 29, 2015.

A discovery order signed March 4, 2015, states in relevant part:

> [The State shall] prepare and file with the Clerk of the Court a subpoena list of all witnesses the State intends to call on their case in chief.
>
> . . .
>
> The State is ordered to furnish the above for inspection and copying 10 working days before trial, or as soon as reasonably practicable after any such information comes to their knowledge, whichever is earlier. It is understood that the defense should exercise reasonable diligence to contact the state's attorney and arrange [a] mutually convenient time for the appointment.

Sometime before April 1, 2015, the State gave appellant a copy of the video recording from Cash America, though the record does not indicate when the State produced the video or if the discovery order had been signed at the time. On March 20, 2015, the State filed its subpoena list, which names or describes seven witnesses the State might call to testify at trial. The State filed a second witness list

7

on May 12, 2015. Neither Sanders nor any person associated with Cash America is included on either list.

On the afternoon of May 28, 2015, the day before trial began, the prosecutor called appellant's lawyer and informed him the State would be calling Sanders as a witness. The prosecutor gave appellant's lawyer Sanders' phone number.

The next morning, the State called Sanders as its first witness. Appellant objected to Sanders' testifying due to the State's not disclosing his name on a witness list until the previous day. Out of the presence of the jury, the prosecutor explained she had asked a police officer to go to Cash America to determine the identity of the employee who engaged in the transaction with appellant. The police officer learned it was Sanders and relayed the information to the prosecutor on May 28, 2015, who in turn passed it and Sanders' phone number on to counsel for appellant. That morning, the prosecutor said, Sanders had come to court early at her request, and she let appellant's counsel know so he could speak with Sanders before trial.

The trial court overruled appellant's objection and allowed Sanders to testify.

### C. Trial court did not abuse its discretion in allowing Sanders to testify

Evidence willfully withheld from disclosure under a discovery order should be excluded. *Oprean*, 201 S.W.3d at 726; *Hollowell v. State*, 571 S.W.2d 179 (Tex. Crim. App. 1978). To determine if the withholding was willful, we consider whether the record indicates that (1) the prosecutor intended to harm the defense, (2) the prosecutor's actions were a strategic and purposeful effort to thwart the defense's preparation of its case, or (3) the prosecutor consciously decided to violate the plain directive of the discovery order. *Walker v. State*, 321 S.W.3d 18,

8

22 (Tex. App.—Houston [1st Dist.] 2008, pet. dism'd). We also consider the validity of the prosecutor's rationale and explanation for violating the discovery order, as well as whether the prosecutor suddenly discovered the evidence such that compliance with the terms of the discovery order was impossible. *Id.* "Extreme negligence or even recklessness on the prosecutor's part in failing to comply with a discovery order will not, standing alone, justify the sanction of excluding relevant evidence." *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014).

The record contains no evidence suggesting the prosecutor intended to harm appellant or thwart preparation of his case. The State provided appellant a copy of the Cash America video more than two months before trial began on May 29. The video shows Sanders. The prosecutor gave appellant's lawyer Sanders' phone number on May 28. The record does not reflect if appellant's lawyer called Sanders. The next morning, before trial began, the prosecutor told appellant's lawyer that Sanders was outside the courtroom and available to talk. The record does not reflect if counsel talked to Sanders. Our sister court held that a 20-minute recess was enough time for the defendant to review late-disclosed evidence and prepare a defensive strategy. *Walker*, 321 S.W.3d at 23.

Moreover, we cannot say the State's late disclosure harmed appellant. Appellant had been provided the police report, which stated the address of Cash America and indicated the police officers spoke to a manager, as well as the video recording that showed Sanders conducting the transaction with appellant. As a result, appellant had equal access—more than two months before trial began—to the information the State used to determine the identity of the Cash America employee in the video. The State's obligation to provide material to the defendant does not apply to material about which the defendant already knows. *See Hayes v.*

*State*, 85 S.W.3d 908, 815 (Tex. Crim. App. 2002); *Ex parte Agbeze*, 479 S.W.3d 529, 532 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

We overrule appellant's second issue.

## CONCLUSION

We affirm the judgment of the trial court.


/s/  Tracy Christopher
     Justice


Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).